[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Tara Welch, appeals the decision of the defendant Commissioner of Motor Vehicles (Commissioner) suspending the plaintiff's motor vehicle operator's license for a period of one year. The Commissioner acted pursuant to General Statutes § 14-227b on the basis that the plaintiff had failed a chemical test of the alcohol content of her blood after having been arrested on a charge of operating a motor vehicle while under the influence of alcohol. The plaintiff appeals pursuant to § 4-183. The court finds the issues in favor of the defendant.
The record indicates that at approximately 1:33 a.m. on April 25, 1998, the police were summoned to a disturbance at a parking garage in Stamford where the attendant had tried to stop what he believed was an intoxicated female from driving after attempting to enter a vehicle other than her own. The female driver evidently held a strong opinion to the contrary. As the attendant was contacting the police department, she drove through the mechanical arm and damaged it — and failed to pay her $3.25 parking fee. The Stamford police caught up with the rented Ford Taurus and, after personally observing motor vehicle violations, pulled it over. The parking lot attendant positively identified the plaintiff as the driver he had described. Based on the alleged criminal violations, the plaintiff was ordered from the vehicle and was observed to be very unsteady on her feet, and then became verbally abusive. The plaintiff was arrested and transported to headquarters for processing and testing for operating under the influence based on the foregoing and other personal observations and admissions by the plaintiff.
At headquarters, the plaintiff refused to engage in field tests but did consent to take an intoximeter test. The plaintiff was unable to perform the first test administered, but did successfully complete a second test which resulted in a .236 CT Page 11733 reading of her blood alcohol content (BAC). Subsequently, a third examination was administered during which the plaintiff again was unable to follow the instructions and denied memory of the first test. A fourth test was administered after more instructions which resulted in a BAC of .227. The plaintiff was charged with operating under the influence.
On the plaintiff's request, the Commissioner, by Hearing Officer Michael Ross, conducted a hearing on May 27, 1998 to determine whether the plaintiff's motor vehicle operator's license and operating privileges should be suspended in accordance with Connecticut General Statutes § 14-227b. Based upon the hearing officer's findings of fact and conclusions of law, on May 27, 1998, the Commissioner ordered the suspension of the plaintiff's Connecticut motor vehicle operator's license and operating privileges for one year. A petition for reconsideration of the suspension order having been denied, the plaintiff appeals to this court claiming those decisions were "arbitrary, capricious, illegal and unsupported by sufficient facts in the record."
Under General Statutes § 14-227b(j), the hearing conducted before the hearing officer was limited to a determination of the following issues: (1) Did the police officer have probable cause to arrest the person for operating a motor vehicle while under the influence of intoxicating liquor or drug or both or while his ability to operate such motor vehicle was impaired by the consumption of intoxicating liquor; (2) was such person placed under arrest; (3) did such person refuse to submit to such test or analysis or did such person submit to such test or analysis, commenced within two hours of the time of operation, and the results of such test or analysis indicated that the ratio of alcohol in the blood of such person as ten-hundredths of one per cent or more of alcohol, by weight; and (4) was such person operating the motor vehicle. The issue presented in this administrative appeal is whether the results of the tests indicated that the ratio of alcohol in the plaintiff's blood exceeded ten hundredths of one percent or more of alcohol by weight. (Plaintiff's Brief, p. 5.)
In an administrative appeal, the plaintiff bears the burden of proving that the commissioner's decision to suspend a motor vehicle operating privilege was clearly erroneous in view of the reliable, probative and substantial evidence on the whole record.Schallenkamp v. DelPonte, 229 Conn. 31, 39 (1994); see LawrenceCT Page 11734v. Kozlowski, 171 Conn. 705, 713-14 (1976), cert. denied,431 U.S. 969 (1977). "Judicial review of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable . . . Substantial evidence exists if the administrative record affords a substantial basis of fact from which the fact in issue can be reasonably inferred." (Internal quotation marks omitted.) Schallenkamp v. DelPonte,supra, 40. "The evidence must be substantial enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." (Internal quotation marks omitted.) Marshall v. DelPonte,27 Conn. App. 346, 352 (1992). "[I]f the administrative record provides substantial evidence upon which the hearing officer could reasonably have based his finding . . . the decision must be upheld." Connecticut Building Wrecking Co. v. Carothers,218 Conn. 580, 601 (1991). "The obvious corollary to the substantial evidence rule is that a court may not affirm a decision if the evidence in the record does not support it." Bialowas v.Commissioner of Motor Vehicles, 44 Conn. App. 702, 709 (1997).
In the present case, the plaintiff argues that the results of the intoxilyzer tests were generated by a device required to be certified by the Department of Health, which was not so certified. Regs. Conn. State Agencies § 14-227a-8 et seq. The plaintiff concedes that according to the Officer's DWI Arrest And Alcohol Test Refusal or Failure Report (A-44), the analytical device was certified, the analytical device was operated by a certified operator, and the analytical device was checked for accuracy in accordance with applicable state regulations. The plaintiff claims that that evidence was "directly and powerfully refuted" by a letter with attached repair, maintenance and certification records, from a Senior Chemist of the Department of Public Health dated May 8, 1998. Having examined all of the evidence submitted at the hearing, this court disagrees with the plaintiffs assertions and claims. Indeed, the chemist's letter itself indicates that the machine had been recertified on November 24, 1997, and the operator recertified to operate breath analysis equipment on March 11, 1998. The attached repair records do not change those facts.
The plaintiffs argument was effectively rejected inSchallenkamp v. DelPonte, supra, 41-43. Moreover, our Supreme Court has held "that even multiple failures on the part of an CT Page 11735 arresting officer to comply with the statutory dictates of § 14-227b [are] not sufficient grounds for overturning the commissioner's determination, after a hearing, that the essential elements of the statute had been proven and that the plaintiff's operator's license should be suspended." (Footnote omitted.)Schallenkamp v. DelPonte, supra, 229 Conn. 41-42; see Volck v.Muzio, 204 Conn. 507, 518 (1987). "That license suspensions hearings are limited to the four issues specified in subsection (f) of § 14-227b indicates that the legislature did not intend compliance with either subsection (b) or subsection (c) to be an essential condition for suspension. See Volck v. Muzio,supra, 514, 517." (Footnote omitted.) Bialowas v. Commissioner ofMotor Vehicles, supra, 44 Conn. App. 711.
Viewed in the light most favorable to the plaintiff, the letter and attached records amount to conflicting evidence. But it was the hearing officer's function to determine the issues of fact, and the mere existence of conflicting evidence does not negate the substantial basis for the hearing officer's conclusions. Schallenkamp v. DelPonte, supra, 41.
Based on the foregoing, the Commissioner's decision is affirmed and this appeal is dismissed.
Hartmere, J.